## CONRADY et al. v. V. LOEWER'S GAMBRINUS BREWERY CO.

(Supreme Court, Appellate Term.   November 29, 1907.)

1. CONTRACTS—DEFECTS IN PERFORMANCE.

Where a contract to do certain work and furnish certain materials was not substantially complied with, and the deviations were important and intentional, and could be justified only by a new contract, which was not established, there could be no recovery on the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1365, 1370.]

2. EVIDENCE—SUFFICIENCY TO SUPPORT VERDICT.

Where there was no evidence to show the amount needed to make good defects or omissions in the performance of a contract whereby certain work was to be done and materials furnished for $300, a verdict for $222 cannot be upheld, since the deduction must have been a mere guess.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Max J. Conrady and another against the V. Loewer's Gambrinus Brewery Company.  From the judgment, both parties appeal.   Reversed on defendant's appeal, and new trial ordered.   Appeal by plaintiffs dismissed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Charles P. Robinson, for plaintiffs.
Uriah V. Tompkins, for defendant.

LEVENTRITT, J.　Both parties appealed; the plaintiffs because of the insufficiency of the judgment, and the defendant because judgment was against it.

The plaintiffs undertook, under a written contract, to furnish for the sum of $300 certain work and materials.　Whether the materials should be new or secondhand was not specified.　Some of the articles supplied, such as a range, boiler, doors, and windows in a new partition, were concededly secondhand.　This the plaintiffs attempted to justify by pleading an oral modification of the written contract and performance accordingly.　The defendant denied both performance and modification.　Even if evidence of an oral amendment in conflict with the written agreement were permissible, and even if there were proof of consideration, still the plaintiffs' contention must fail, as it is based entirely upon testimony, received over defendant's objection, of conversations had prior to the written contract with a clerk who had no authority to bind the defendant.　Apart from these legal obstacles, the conversations do not amount to a modification of the terms of the contract.　The original contract remained unimpaired.　It was not substantially complied with.　The deviations were important and intentional.　They could be justified only by a new agreement established by competent and satisfactory evidence.　In that event the plaintiffs would be entitled to a full recovery.　Their failure to adduce such evidence defeated their cause of action, and judgment should have gone for the defendant.

Under no aspect of the case could the award of $222 be upheld. There is not a word in the record to show the amount needed to make good any defects or omissions; hence the deduction of $78 from the agreed contract price is the result of a guess, nothing more.

The judgment should be reversed upon the defendant's appeal. Judgment reversed, and new trial ordered, with costs to defendant to abide event.

The appeal by the plaintiffs is dismissed, with costs.　All concur.